## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **EVELYN AND MARION COLLIER, JR., ET AL.** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NO. 05-0019** |
| **GARLAND BATISTE, ET AL.** | * | **SECTION "L"(3)** |

### ORDER AND REASONS

Before the Court are Aurora's Motion to Dismiss Geraldine Courtney's State Law Fraud Claim Pursuant to Rule 12(b)(6) and GMFS, LLC and Countrywide Home Loans, Inc.'s ("Countrywide's") Motion to Dismiss Geraldine Courtney's State Law Fraud Claim Pursuant to Rule 12(c). Both of these motions came on for hearing on April 12, 2006. For the following reasons, the motions are DENIED.

### I. Factual and Procedural Background

This case arises out of a series of loans allegedly facilitated by Defendant Garland Batiste through his contracting service, Premier/Renovate, a.k.a. Renovate America. Plaintiffs are six African-American individuals ranging in age from 68 to 81 years old, and all are alleged to be unsophisticated consumers who are unfamiliar with the details of a modern mortgage transaction. Plaintiffs allege that they were fraudulently induced by Mr. Batiste to apply for and receive mortgages on their homes in order to pay Mr. Batiste for home improvements. Plaintiffs allege that Mr. Batiste completed mortgage applications and received loan monies on their behalf. However, according to Plaintiffs, Mr. Batiste partially, and in some cases entirely, failed to complete the promised renovations. Plaintiffs allege they have been damaged by the burden of additional mortgages on their properties and by the hazardous conditions caused by Mr. Batiste's incomplete repairs.

On January 3, 2005, Plaintiffs filed a fourteen-count Complaint in the U.S. District Court for the Eastern District of Louisiana. Plaintiffs alleged causes of action against the various Defendants under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. 1961 *et seq.*, the Truth in Lending Act ("TILA"), 15 U.S.C. 1601 *et seq.*, the Home Ownership and Equity Protection Act of 1994 ("HOEPA"), 15 U.S.C. 1602(aa) and 1639, and fraud and breach of contract claims arising under Louisiana law. Plaintiffs named ten Defendants including Garland Batiste. Plaintiffs alleged that Defendants IndyMac F.S.B. ("IndyMac"), GMFS LLC ("GMFS"), AmSouth Bank, and GMAC Mortgage Corporation d/b/a Ditech.com ("GMAC")[1] participated in the alleged scheme by issuing mortgages on Plaintiffs' properties. Defendant Aurora Financial Services, Inc. ("Aurora") is alleged to have served as a mortgage broker for two transactions, and Defendant True Title, Inc. ("True Title") was alleged to have performed title services for two transactions.[2] Defendants Countrywide is alleged to have accepted an assignment of the mortgage issued on Plaintiff Geraldine Courtney's property. Finally, Defendants B.J. Chauvin and Notary on Wheels were alleged to have participated by notarizing the documents for two mortgages in violation of law.[3]

Plaintiffs filed a First Amended Complaint on April 1, 2005. Defendant Garland Batiste has not made an appearance in the case, and Plaintiffs have obtained a preliminary default judgment against him. In October 2005, the Court ruled on eight motions brought by Plaintiffs and Defendants. On January 5, 2005, Plaintiffs filed a Second Amended Complaint in light of

---

[1] Plaintiffs have dismissed their claims against AmSouth Bank, IndyMac and GMAC.

[2] Defendant True Title has been dismissed from the case.

[3] These defendants have also been dismissed from the case.

the Court's rulings on these motions.  Irma Ellis and Christine and Louise Smoot have dismissed their claims against all Defendants except Garland Batiste.  Geraldine Courtney's claims are set for trial on August 28, 2006.

Defendants Aurora, GMFS, LLC, and Countrywide Home Loans all have filed motions to dismiss regarding Geraldine Courtney's state law fraud claim pursuant to Rule 12(b)(6) and Rule 12(c) of the Federal Rules of Civil Procedure.   Plaintiff Geraldine Courtney opposes these motions.

## II.  Motions to Dismiss Geraldine Courtney's State Law Fraud Claim

On October 20, 2005, the Court dismissed the state law fraud claims from the Plaintiffs' First Amended Complaint and found that the Plaintiffs' scattered allegations were insufficient to state a claim against the lender Defendants.  Plaintiffs responded to the Court's ruling by re-alleging the state law fraud claims in the Second Amended Complaint.  In the present motions, the lender Defendants (that is, Aurora, GMFS, and Countrywide) essentially re-urge their arguments that the allegations are insufficient to state a claim against them.  In particular, the lender Defendants argue that Louisiana law does not allow recovery against a party that only benefits from another's fraud:  active participation in the fraud, including an intent to defraud, is required, according to the Defendants.  Plaintiffs disagree with this reading of the case law and argue that principles of unjust enrichment require the Defendants to disgorge any profits they have gained because of Mr. Batiste's fraud.

### a. Standard of Review

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a defendant to seek dismissal of a complaint based on the "failure to state a claim upon which relief can be granted."

Fed. R. Civ. P. 12(b)(6). When considering a motion to dismiss under Rule 12(b)(6), a district court should construe the complaint liberally in favor of the plaintiff, assuming all factual allegations to be true. *See Leleux v. United States*, 178 F.3d 750, 754 (5th Cir. 1999). Rule 12(b)(6) motions are viewed with disfavor and are rarely granted. *See id*. However, a complaint should be dismissed if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

Rule 12(c) of the Federal Rules of Civil Procedure provides that "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Judgment on the pleadings is intended to dispose of cases in which the material facts are not in dispute and when the district court may render judgment by looking to the substance of the pleadings and any judicially noticed facts. *Hebert Abstract Co. v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990) (per curiam). Similar to a Rule 12(b)(6) motion, the court must accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff. *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999) (per curiam). "The issue is not whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim. Thus, the court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint." *Id.* at 324 (internal citations omitted).

### b. State Law Fraud Claim

Plaintiffs' Second Amended Complaint, Count 3, reads in relevant part as follows:

> Aurora, GMFS, and Countrywide benefitted as a result of Mr.
> Batiste's fraud, profiting thereby. As a result of Batiste's fraud,

> the plaintiff entered the loan transaction with Aurora and GMFS.
> On information and belief, the plaintiff's loan has been assigned to
> Countrywide.  As a result of the loan transaction, Aurora, GMFS,
> and Countrywide charged the plaintiff, either directly or indirectly,
> with points, fees, and/or interest.  Also as a result of the loan
> transaction, Aurora, GMFS, and Countrywide profited by
> receiving from the plaintiff, either directly or indirectly, points,
> fees, and/or interest.  Because they were an ill-gotten product of
> Batiste's fraud, the points, fees, and/or interest that Aurora, GMFS,
> and Countrywide charged, and received from, the plaintiff must be
> disgorged.

Plaintiffs argue that this wording states a claim against the lender Defendants because they allege that Louisiana case law permits the beneficiaries of fraud to be named as defendants in an action for fraud.  Defendants read the case law differently.

In *Board of Commissioners of Orleans Levee District v. Shushan*, 197 La. 598, 614, 2 So.2d 35 (1941), the Louisiana Supreme Court stated that "[w]here fraud is alleged as a basis of the complainant's right to relief, all persons who participated in the alleged fraud and those who are its beneficiaries are proper parties to the suit."  This is the Louisiana Supreme Court's last word on this issue, and the court's holding has been followed in a majority of state appellate cases.  *Dohm v. O'Keefe*, 458 So.2d 964, 965 (La. App. 4 Cir. 1984); *Jefferson Business Serv. v. Olivetti Corp. of Am.*, 393 So.2d 880, 882 (La. App. 4 Cir. 1981).

Defendants point to a Louisiana Fourth Circuit Court of Appeal case, *Plaquemines Parish Commission Council v. Delta Development Company*, 688 So.2d 169, 175 (La. App. 4 Cir. 1997), in support of their position that a beneficiary of fraud who does not participate in the fraud cannot be found liable for the fraud itself.  In that case, the court stated "[w]e do not think that *Jefferson Business* stands for the broader proposition that simply receiving the benefit of a fraud, without more, makes one liable for the fraud." *Id.*

However, this is an appellate court case, and its holding conflicts with that of the Louisiana Supreme Court in *Shushan*.  Also, as Plaintiffs point out, the appellate court in the *Plaquemines Parish* case found that the beneficiary of fraud, Mr. Eustis, could be liable for damages in that case under a theory of unjust enrichment.  *Id.* at 176.  Thus, Defendants miss the central point of the *Shushan* rule.  Even if a party does not participate in fraud, that party can still be liable under principles of unjust enrichment for the profits received from another's wrongful act.  La. Civ. Code art. 2298 ("A person who has been enriched without cause at the expense of another person is bound to compensate that person").  The beneficiary is not liable for the fraud itself but only for the profits the beneficiary received from the fraud.  Thus, under established Louisiana case law, a beneficiary of fraud is a proper party to an action for fraud, even if the beneficiary did not participate in the fraud itself.  Because the defendants are named as beneficiaries of Mr. Batiste's fraud, the Plaintiffs' claim of fraud under Louisiana law survives the Defendants' motions to dismiss on its face.

## III.  Conclusion

Accordingly, Aurora's Motion to Dismiss Geraldine Courtney's State Law Fraud Claim Pursuant to Rule 12(b)(6) and GMFS, LLC and Countrywide Home Loans, Inc.'s ("Countrywide's") Motion to Dismiss Geraldine Courtney's State Law Fraud Claim Pursuant to Rule 12(c) are hereby DENIED.

New Orleans, Louisiana, this __22nd__ day of May, 2006.

*[signature]*
UNITED STATES DISTRICT JUDGE