

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 JUN 28  A 10: 39

LORETTA G. WHYTE
CLERK

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| EVELYN AND MARION COLLIER, JR., GERALDINE COURTNEY, IRMA ELLIS, CHRISTINE AND LOUISE SMOOT : : : : **Plaintiffs** : : VERSUS : : : GARLAND BATISTE (aka GARLON BATISTE), INDY MAC, AURORA FINANCIAL SERVICES, INC., COUNTRYWIDE, GMFS LLC, AM SOUTH BANK, GMAC MORTGAGE CORP. d.b.a. ditech.com, TRUE TITLE, INC., B.J. CHAUVIN, and NOTARY ON WHEELS, INC. : : : : : : : : : **Defendants** | CIVIL ACTION NO. 05-0019<br><br>SECTION: "L"<br><br>MAGISTRATE DIVISION: 3 |

: : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : :

### NOTICE OF DEPOSITION

Defendants will take note that Plaintiff will conduct the Rule 30(b)(6) and records deposition of True Title, Inc., by stenographic means, as on cross-examination, at 1 Seine Court, Suite 304, New Orleans, LA 70114, on Monday, July 10, 2006, commencing at 2:00

1

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No_____

p.m.  A copy of the subpoena served on True Title is attached hereto.

        Respectfully submitted,
        NEW ORLEANS LEGAL ASSISTANCE
        An Office of Southeast Louisiana Legal Services Corp.
        BY: _____
        David L. Koen (T.A.), LSBA # 27536
        John K. Parchman, LSBA # 25204
        1010 Common Street, Suite 1400A
        New Orleans, LA 70112
        Phone: (504) 529-1000, ext. 231
        Fax: (504) 529-1009
        Attorney for Plaintiff

## CERTIFICATE OF SERVICE

A copy of the foregoing document was served on the respective attorneys for defendants and True Title, Inc., by facsimile and depositing same in the U.S. mails, first class postage prepaid, this 28th day of June, 2006.

_____

# Issued by the
# UNITED STATES DISTRICT COURT

_____EASTERN DISTRICT OF LOUISIANA_____

EVELYN COLLIER, ET AL

## V.

GARLAND BATISTE, ET AL

## SUBPOENA IN A CIVIL CASE

CASE NUMBER: 05-0019

TO: TRUE TITLE, INC.

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| Place of Testimony | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |

■ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case pursuant to Fed. R. Civ. P. 30(b)(6).

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| 1 Seine Court, Suite 304, New Orleans, LA 70114 | 7/10/06, 2:00 p.m. |

The areas of inquiry will be: (1) True Title, Inc.'s policies and practices with respect to setting rates for any and all closing costs, fees and charges of the type charged to Geraldine Courtney (including, but not limited to, those included on the HUD-1 Settlement Statement) at or about the time of the loan from Aurora Financial Services, Inc. to Ms. Courtney in January 2004; (2) how any and all amounts actually charged and/or paid in connection with the closing of the above-mentioned loan, including but limited to those pertaining to any and all title work and investigation in connection with the loan were determined; (3) any and all work performed by True Title, its agents, contractors, or sub-contractors in connection with the above-mentioned costs, fees and charges; (4) any and all amounts paid by or to True Title by or to any and all organizations in connection with the closing of the above-mentioned loan, including but not limited to amounts paid for any and all title work and investigation in connection with the loan; (5) any and all acts undertaken, and any and all correspondence and communications at or in connection with the closing of the above-mentioned loan, including those pertaining to any and all title work and investigation in connection with the loan, including, but not limited to (a) the preparation of any and all documents, (b) the preparation of any and all payments of any and all amounts in connection with the above-mentioned loan, including but not limited to for those for any and all title work and investigation in connection with the loan, and (c) the making of any and all payments of any and all amounts in connection with the closing of the above-mentioned loan, including those pertaining to any and all title work and investigation in connection with the loan; (6) True Title's policies and practices with respect to the preparation, handling, maintenance, and management of its loan files at or around the time of the loan in question; (7) the selection and/or retainer of True Title to perform any and all acts it was selected and/or retained to perform in connection with the closing of the above-mentioned loan, including but not limited to any and all title work and investigation in connection with the loan.

■YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
All documents regarding the closing of the loan from Aurora Financial Services, Inc., to Geraldine Courtney in January 2004, whether physically in Ms. Courtney's loan file and/or otherwise in possession of True Title, Inc., including but not limited to: (1) any and all title work and investigation in connection with the loan; (2) any and all documents prepared for closing; (3) any and all checks and other payments issued in connection with the closing of the above-mentioned loan, including but not limited to those for any and all title work and investigation in connection with the loan and any and all documentation of such payments, including but not limited to: (a) checks and/or other forms of payment; (b) account statements, billing statements, invoices, registers, ledgers, and/or other documents that refer to such payments, including but not limited to documents that also may include references to payments in connection with other loans. The documents requested in item (3) include, but are not limited to, those referring to charges by and/or payments to: Ocwen Federal, Aurora Financial Services, Inc., True Title, Inc., Factual Data, Louisiana Joint Reinsurance Plan, First Community Insurance, Allstate Insurance, Robertson and Anschutz, City of New Orleans, the Orleans Parish Recorder of Mortgages, the Orleans Parish Clerk of Court, the Orleans Parish Notarial Archives, Federal Express and/or other courier, and the Internal Revenue Service; (4) any and all agreements between True Title and any person or organization either named in this subpoena and/or who received any payment in connection with any charge on the HUD-1 Settlement Statement, regarding rates for amounts charged and/or paid to any person or organization in connection with the above-mentioned loan; (5) any and all documents reflecting the setting of the amount of any charge or payment in connection with the closing of the above-mentioned loan, including but not limited to, any and all agreements and/or memoranda of understanding; (6) any and all documents reflecting the billing of True Title for any and all services charged for or performed in connection with the closing of the above-mentioned loan, including but not limited to any and all title work and investigation in connection with the loan.

| PLACE | DATE AND TIME |
|---|---|
| 1 Seine Court, Suite 304, New Orleans, LA 70114 | July 10, 2006, 2:00 p.m. |

☐YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *D--l Koen*, Attorney for Plaintiffs | 6/27/06 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

David Koen
1010 Common St., Ste. 1400-A
New Orleans, LA 70112
(504) 529-1000 Ext. 231

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

¹If action is pending in district other than district of issuance, state district under case number.

## AO 88 (Rev. 1/94) Subpoena in a Civil Case

### PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 6-27-06 | 1 Seine Ct Suite 304 New Orleans LA |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Tim Hand | Personal |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Heather Ansert | Law Clerk |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on __6-27-06__
           DATE

_____
SIGNATURE OF SERVER

ADDRESS OF SERVER

New Orleans, LA 70112

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

© PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at anytime for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that,

subject to the provisions of clause ©(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.